UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ABRAHAM (AVI) BASHER,                   :
                                        :
                Plaintiff,              :           **OPINION AND ORDER**
                                        :
        -against-                       :           01-CV-5116 (DLI)(VVP)
                                        :
MADONNA REALTY CORP., and               :
RACHEL BASHER,                          :
                                        :
                Defendants.             :
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On February 16, 2006, this Court referred defendants' motion to dismiss Plaintiff's second amended complaint to Magistrate Judge Pohorelsky, pursuant to 28 U.S.C. § 636(b)(1), for a fact-finding hearing to determine whether plaintiff is or was "insane within the meaning of N.Y. C.P.L.R. § 208, during part or all of the period after June 1993 to December 30, 2003. On November 29, 2006, Judge Pohorelsky issued a Report and Recommendation ("R&R"), finding that plaintiff has failed to establish that he was insane within the meaning of C.P.L.R. § 208 during the relevant time period. On January 10, 2007, Plaintiff's counsel filed a letter containing two sentences requesting the Court conduct a *de novo* review of Judge Pohorelsky's R&R.

Pursuant to Fed. R. Civ. P. 72(b), "within 10 days after being served with a copy of the recommended disposition, a party may serve and file *specific* [emphasis added], written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). Failing to file "specific" or adequate objections to a Magistrate Judge's R&R "operates as a waiver of further judicial review of the [magistrate judge's] decision." *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (citing *Small v. Sec'y of Health & Human Servs.* 892 F.2d 15, 16 (*2d Cir. 1989) (per curiam)); *see also Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point"); *McMillan v. New York City Campaign Fin. Bd.*, No. 05 Civ. 8427, 2006 WL 1495272, * 1 (S.D.N.Y. June 1, 2006) ("An objection which is devoid of any reference to specific findings or recommendations and is unsupported by legal authority does not preserve the claim." (internal citations and quotation marks omitted)).

Here, plaintiff has failed to file "specific" objections as required under Fed. R. Civ. P. 72(b). Plaintiff filed a two sentence letter requesting the Court to conduct a *de novo* review of the Magistrate Judge's Order. Plaintiff neither references any particular issue addressed in Judge Pohorelsky's R&R, nor identifies any position he takes concerning Judge Pohorelsky's R&R. Moreover, plaintiff has failed to cite any legal authority for any proposition of law in his letter, insofar as except as to state that he objects to the recommendation of Judge Pohorelsky pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Thus, this Court finds that plaintiff's January 10, 2007 letter does not constitute an adequate objection and constitutes a waiver of further judicial review of Judge

Pohorelsky's R&R. *See id.*

Upon consideration, the Report and Recommendation is hereby adopted in full. As a result of the Court's adoption of Judge Pohorelsky's R&R finding that plaintiff was not "insane" during the relevant time period, the Court finds that the statute of limitations has not been tolled under C.P.L.R. 208 and plaintiff's claims against defendant Rachel Basher are time barred.

Finally, in an order dated March 15, 2005, this Court dismissed plaintiff's fraud claim and found that dismissal of plaintiff's unjust enrichment claim against Defendant, Madonna Realty Corp. ("Madonna") was not warranted at this stage of the litigation. Since plaintiff does not allege any additional facts in his Second Amended Complaint, the Court defers to its prior holding that plaintiff's unjust enrichment claim against Madonna survives defendant's motion to dismiss. Thus, the only remaining claim in this action is plaintiff's unjust enrichment claim against Madonna.

Accordingly, it is hereby ORDERED that defendants' motion to dismiss is granted to the extent that plaintiff's complaint against defendant Rachel Basher is dismissed and denied as to plaintiff's unjust enrichment claim against Madonna.

SO ORDERED.

Dated: Brooklyn, New York
January 19, 2007

/s/
Dora L. Irizarry
United States District Judge