UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ABRAHAM (AVI) BASHER,                  :
                                       :
          Plaintiff,             :     **MEMORANDUM AND ORDER**
                                       :
         -against-                   :     01-CV 5116 (DLI) (VVP)
                                       :
MADONNA REALTY CORP. and               :
RACHEL BASHER,                         :
                                       :
         Defendants.            :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Defendant Madonna Realty Corporation ("Madonna") seeks partial reconsideration of this court's January 19, 2007 opinion and order granting the defendants' motion to dismiss plaintiff Abraham (Avi) Basher's ("Plaintiff's" or "Abraham's") complaint against defendant Rachel Basher ("Rachel"–together with Madonna, "Defendants") but denying the motion to dismiss with respect to Plaintiff's unjust enrichment claim against Madonna. It is this latter denial that Madonna urges this court to reconsider.

For the reasons set forth below, Defendants' motion for reconsideration is granted. Upon reconsideration, Madonna is dismissed from this action.

**I.    Background**[1]

Plaintiff filed his original complaint on August 1, 2001, alleging a claim of unjust enrichment against Madonna. Subsequently, with leave of the court, Plaintiff filed an amended version of the complaint on December 23, 2003 (the "FAC"). The FAC added Rachel as a defendant and set forth unjust enrichment, fraud, conversion, and breach of fiduciary duty claims against her. In addition,

---

[1] Much of this recitation of facts is synthesized and summarized from this court's March 15, 2005 and February 17, 2006 opinions. Familiarity with those opinions is assumed.

the FAC alleged the following facts.

Abraham and Rachel were formerly married and had children together. Following their divorce, they continued living together and still regarded each other as husband and wife under Jewish law. In or about June of 1993, during a robbery, Abraham was shot in the head. Abraham suffered lasting mental and physical disabilities resulting from the head injury, and his reasoning ability and judgment were thus impaired. Rachel managed Abraham's personal and financial affairs following his injury.

On July 22, 1996, Abraham transferred certain real property (the "Property") to Madonna, a corporation he wholly owned. Subsequently,[2] Abraham's shares in Madonna were transferred to Rachel without an exchange of consideration. Rachel collected rent on the Property but failed to pay the mortgage and/or taxes, causing the mortgagee to foreclose. Following the sale of the Property, Rachel kept the proceeds of the sale after all liens were extinguished. Abraham alleged that, "through this chain of events, Rachel managed to purloin or simply steal" the Property from him because he was operating under a diminished mental capacity. (*See* FAC ¶¶ 27-28.)

Defendants moved to dismiss Plaintiff's FAC on February 17, 2004, asserting, *inter alia*, that Plaintiff failed to state a cognizable claim against Madonna and that Plaintiff's claims against Rachel were time-barred. In an opinion and order dated March 15, 2005, this court declined to dismiss the unjust enrichment claim against Madonna. However, the court granted dismissal of the fraud claim against Rachel but held in abeyance its decision on the balance of the claims against her, stating that the FAC did not furnish sufficient information to answer whether the statute of limitations had

---

[2]Plaintiff did not specify in his FAC when his shares in Madonna were allegedly transferred to Rachel. He alleges, simply, that such transfer occurred "subsequent[]" to the transfer of his real property interest to Madonna. (*See* FAC ¶ 20.)

expired on these remaining claims. The court gave Plaintiff thirty days leave to either cure the defect by repleading his complaint or by submitting an affidavit or other evidence demonstrating that Plaintiff suffered from a mental disability sufficient to toll the applicable statutes of limitations.

On May 12, 2005, Plaintiff filed a second amended complaint (the "SAC"). In the SAC, Plaintiff did not allege any additional facts, but stated, in pertinent part, that "Rachel is . . . united in interest with Madonna" such that Plaintiff's claims against her should be deemed filed on August 1, 2001, the date Plaintiff filed his original complaint. (*See* SAC ¶¶ 17-19.) Plaintiff further alleged that, since 1993, he has lacked "the mental capacity to appreciate or protect his legal interests, to understand or abide by a statute of limitations, or to exercise appropriate judgment about his own personal affairs." (*See* SAC ¶¶ 11-13.)

Defendants moved to dismiss Plaintiff's SAC on June 20, 2005, again asserting that Plaintiff failed to state a cognizable claim against Madonna and that Plaintiff's claims against Rachel were time-barred. Plaintiff responded that the relevant statutes of limitations should be tolled, pursuant to section 208 of the New York Civil Practice Law and Rules (the "C.P.L.R."), due to Plaintiff's insanity. On February 17, 2006, this court determined that a fact-finding hearing was required on the issue of Plaintiff's mental state from July 1993 through December 30, 2003 (the "relevant period") in order to answer whether Plaintiff's mental disability was sufficient to toll the applicable statutes of limitations. The matter was referred to United States Magistrate Judge Viktor V. Pohorelsky for a hearing. This court further held in abeyance any decision on the issue of whether Plaintiff's SAC relates back to the date of the original complaint pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 15(c), as Plaintiff argued. (*See* February 17, 2006 Opinion and Order, footnote 4.)

Judge Pohorelsky, in a report and recommendation dated November 29, 2006 ("Recommendation"), set forth his finding that Plaintiff failed to establish that he was insane within the meaning of the C.P.L.R. during any part of the relevant period. On January 19, 2007, this court adopted Judge Pohorelsky's Recommendation in full and further held, based on Judge Pohorelsky's finding, that Plaintiff's claims against Rachel were time-barred. Consequently, the court dismissed Rachel from this action but reiterated its holding from its March 15, 2005 opinion and order that Plaintiff's unjust enrichment claim against Madonna survives Defendants' motion to dismiss.

Madonna now submits this motion for reconsideration of the court's January 19, 2007 opinion and order, requesting that the court dismiss Madonna from this action. Plaintiff opposes Madonna's request.

## II. Discussion

### A. Motion for Reconsideration

In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). In particular, the only grounds that justify reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). In addition, the moving party must demonstrate that "the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion." *In re N.Y. Cmty. Bancorp, Inc.*, 04-CV-4165 (ADS)(AKT), 2007 U.S. Dist. LEXIS 47405, at *7 (E.D.N.Y. June 29, 2007)

(citation omitted). Finally, under Local Civil Rule 6.3, "[a] notice of motion for reconsideration. . . shall be served within ten (10) days after the entry of the court's determination of the original motion."

In its timely motion, defendant Madonna argues for reconsideration on the ground that this court overlooked an argument put before it in support of dismissal of the unjust enrichment claim against Madonna. In Defendants' June 20, 2005 motion to dismiss the SAC, Defendants contended that Plaintiff's allegations regarding Rachel's conduct were time-barred and, furthermore, did not relate back to the date of Plaintiff's original complaint under F.R.C.P. 15(c). Defendants further contended that, "without the benefit of Abraham's time-barred new theories, the claim against Madonna in the Original Complaint fails substantively as a matter of law." (*See* Defs.' Mem.[3] at 1.) In the instant motion for reconsideration, Madonna reminds this court that, in its February 17, 2006 opinion and order, it held in abeyance any decision on the relation-back issue until after the fact-finding hearing concerning Plaintiff's mental state during the relevant period. This court then stated that if Plaintiff were found "insane" within the meaning of section 208 of the C.P.L.R. when the action accrued, the relation-back issue would be moot.

Madonna argues that the court should now consider the relation-back argument, in light of the court's January 19, 2007 determination that Plaintiff was not "insane" during the relevant period. Madonna is correct that this court held its consideration of this particular argument in abeyance until and if Plaintiff were not deemed "insane." As Madonna's argument could reasonably–and, in part, does–alter this court's prior conclusion, the court will reconsider its January 19 opinion and order.

---

[3]"Defs.' Mem." refers to the document entitled "Memorandum of Law in Support of Defendant's Motion to Dismiss Second Amended Complaint."

B.     **Relation Back**

Madonna's contention is that, without the benefit of Plaintiff's "time barred claims and theories," Plaintiff's unjust enrichment claim against Madonna must also fail. (Defs.' Mem. at 1.) In this court's March 15, 2005 opinion and order, the court declined to dismiss Madonna from this action. Madonna had argued for dismissal on the ground that Abraham could not satisfy the second element of an unjust enrichment claim–that Madonna benefitted from the receipt of the Property. Madonna's reasoning was that, because Abraham owned all of Madonna's shares at the time Madonna acquired the Property from Abraham, Abraham was the sole beneficiary of the transaction. This court rejected Madonna's argument, accepting as true, for the purposes of the motion to dismiss, Abraham's allegation that the transfer of the Property to Madonna was done at Rachel's behest and as part of Rachel's two-part scheme to acquire the Property for herself. Following that logic, this court stated that Abraham did not benefit from the transfer of the Property to Madonna because the completion of one part of a two-part plan to deprive someone of his or her property can hardly be said to benefit the putative victim. Instead, if Abraham were successful in proving his theory, Madonna may well be liable for unjust enrichment, as Madonna clearly would have benefitted from the receipt of the Property, and principles of equity and good conscience may require a return of the Property (or its cash equivalent) to Abraham.

Madonna emphasizes that Plaintiff's original complaint simply asserted an unjust enrichment claim against it, without any mention of Rachel or any allegations of self-dealing by Rachel. Because Plaintiff's claims against Rachel have now been deemed time-barred, the argument goes, Plaintiff cannot use any "time barred claims and theories." (*See* Defs.' Mem. at 19.) Nor can Plaintiff take advantage of the relation-back doctrine to utilize such theories, Madonna argues.

As is implicitly clear by this court's January 19, 2007 opinion and order, none of Plaintiff's claims against Rachel relate back to the date of the original complaint. Judge Pohorelsky rejected the argument that F.R.C.P. 15(c) would permit the relation back of the FAC, adding Rachel as a new party, to the date of the original filing because there was no mistake in identity, as required by Rule 15(c)(3)(B). (*See* September 25, 2003 Motion Hearing Transcript at 14, 17.) This court concurs. Likewise, Plaintiff cannot take advantage of the relation-back provision in section 203(b) of the C.P.L.R., which also requires a showing of mistake in identity. *See West v. City of N.Y.*, 88 Civ. 1801 (CSH), 1995 U.S. Dist. LEXIS 2057 (S.D.N.Y. Feb. 22, 1995) (stating that a "plaintiff faces the same obstacle under CPLR § 203(b) as he does under Rule 15(c): if he cannot demonstrate the requisite 'mistake,' the amendment will not relate back under either statute").

However, Madonna's argument is, nonetheless, flawed. Although Plaintiff is time-barred from bringing *claims* against Rachel on the facts set forth in his complaint, *legal theories* involving Rachel in order to prove Madonna's liability are not, as Madonna claims, time-barred. Accordingly, to the extent that Madonna contends that this court must disallow Plaintiff's *legal theories* as time-barred, the court rejects Madonna's argument as without any merit under the law.

**C.    Compulsory Joinder**

Nonetheless, Madonna's relation-back argument, however flawed, points to the crux of the problem with Plaintiff's unjust enrichment claim against Madonna. Under New York law, to make out a claim for unjust enrichment, a plaintiff must show that "(1) defendant was enriched; (2) the enrichment was at plaintiff's expense; and (3) the circumstances were such that equity and good conscience require defendant to make restitution." *Barr Labs., Inc. v. Quantum Pharmics, Inc.*, 827 F. Supp. 111, 119 (E.D.N.Y. 1993). With respect to the second element, it is "[c]ritical. . . that under

8

the circumstances and as between the two parties to the transaction the enrichment be *unjust*." *Id.* (quoting *McGrath v. Hilding*, 41 N.E.2d 328, 330 (1977)) (emphasis added). Taken as a whole, Plaintiff's theory–that the transfer of his Property to Madonna was the first step of a two-step scheme concocted by Rachel to take Plaintiff's Property without compensation–makes out a claim for unjust enrichment. Once step one is severed from step two, however, Plaintiff's unjust enrichment claim against Madonna alone simply cannot stand. The fact that Plaintiff was the sole owner of Madonna at the time the Property was transferred to Madonna belies the possibility of the requisite injustice, when that transfer is considered alone. The injustice, if any, was in the completion of the entire scheme.

The legal principle implicated here is the principle of compulsory joinder under F.R.C.P. 19, which requires the court to dismiss an action for failure to join a necessary and indispensable party.[4] *See Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721 (2d Cir. 2000). A party is "necessary" if

> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest.

Fed. R. Civ. P. 19(a). The factors a court must consider in determining whether a party is "indispensable" include

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id*. 19(b).

---

[4]Neither party raised the issue of compulsory joinder, but "both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties to the action." *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382-83 (2d Cir. 2006).

9

Rachel is a necessary and indispensable party. Rachel is necessary because Plaintiff's unjust enrichment claim against Madonna, based on his theory of liability, would require the court to adjudicate Rachel's liability as well. Had the statute of limitations not run against her, Rachel's absence would have impaired her ability to protect her interests. Moreover, Rachel is indispensable for the following reasons. First, had the statute of limitations not run, a judgment rendered in her absence would certainly prejudice her. Second, such prejudice could not be avoided by any shaping of relief or by taking any other accommodating measures. Third a judgment in Rachel's absence would be inadequate because of the simple fact that this court could not rule in Plaintiff's favor without Rachel as a named Defendant. This is because the transfer of the Property from Plaintiff to Madonna in itself cannot be deemed "unjust," as described above. Fourth, if the statute of limitations had not run and this action were dismissed for nonjoinder, Plaintiff could have brought an action against Rachel.

This analysis is not affected by the fact that Plaintiff's claims against Rachel are time-barred. Rule 19 does not affect the application of the appropriate statutes of limitations. *See San Diego Gas & Elec. Co. v. Super. Ct. of San Diego County*, 53 Cal. Rptr. 3d 722, 726 (Ct. App. 2007). *C.f., e.g.*, *McBride v. Routh*, 189 F.R.D. 48, 50 (D. Conn. 1999) (denying a motion for permissive joinder due to the expiration of the statute of limitations against the new proposed parties); *Kracker v. Spartan Chem. Co.*, No. 88 Civ. 647 (LLS), 1988 U.S. Dist. LEXIS 11766, at *5-6 (S.D.N.Y. 1988) (same). Rather, when the statute of limitations has expired on the claims brought against a necessary and indispensable party to an action, the court has no choice but to dismiss that action under Rule 19(b).

Accordingly, because Rachel is a necessary and indispensable party to this action, and an unjust enrichment claim against Madonna alone cannot stand, this court is constrained to grant

Madonna's motion to dismiss.

**III.     Conclusion**

For the foregoing reasons, defendant Madonna's motion to dismiss Plaintiff's unjust enrichment claim against it is granted.  As this was the sole remaining claim, Plaintiff's action is hereby dismissed with prejudice.

SO ORDERED.

DATED:     Brooklyn, New York
           July 10, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge